IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

KEVIN HAMILTON,

    Plaintiffs,

  v.                                        CIVIL ACTION NO. 3:14-CV-80
                                                (JUDGE GROH)

AMERICAN PUBLIC UNIVERSITY SYSTEM,
MELISSA FREY, and
CLYDE EGGLETON,

    Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* filed on July 15, 2014. ("IFP Motion," ECF No. 2). On July 15, 2014, Plaintiff Kevin Hamilton filed his *pro se* Complaint alleging violations of the Federal Trade Commission Act, Title 45, United States Code, Section 45(a)(1), by Defendants American Public University System and two employees of American Public University System: Melissa Frey, Vice President of Finance Operations and Clyde Eggleton, Manager of Financial Aid Customer Service. (Complaint at 3, ECF No. 1). Plaintiff seeks monetary damages in the amount of $15,000,000.00 against American Public University System, $500,000.00 against Defendant Eggleton and $500,000.00 against Defendant Frey. (*Id.* at 11). Plaintiff also requests an injunction placing a hold on American Public University System's Title IV funding until an investigation is completed regarding the school's use of Title IV funds. (*Id.*). The Motion for IFP is now ripe for review.

1

## I. STANDARD OF REVIEW

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The Court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs." L.R. Gen. P. 3.01; *see also* 28 U.S.C. § 1915(a)(1). The plaintiff files this affidavit along with their request or Motion for Leave to Proceed *In Forma Pauperis*. *See* FED. R. CIV. P. 24. The Supreme Court has explained that the purpose of the "federal *in forma pauperis* statute…is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. *See* 28 U.S.C. § 1915(e). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., based on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324. When reviewing a case filed by a plaintiff proceeding *pro se*, the Court liberally construes the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. FACTS

Plaintiff enrolled in American Public University System in 2011 seeking a Bachelor's Degree in Homeland Security. (Exhibit 4 at 23, ECF No. 1-4). Plaintiff alleges that since entering the University, the financial aid department has "messed up on my financial aid package

every semester." (Complaint at 8, ECF No. 1). Specifically, in January 2014 Plaintiff's financial aid package was never completed and he was unable to register for classes. (Complaint at 3, ECF No. 1). In May 2014, Plaintiff contacted the University's Financial Aid department regarding two concerns. (Exhibit 2 at 12, ECF No. 1-2). First, Plaintiff alleges that the school mismanaged his financial aid account, which he discovered after finding discrepancies on his 1098 tax form. (*Id.*). Plaintiff states that the school failed to report the complete amount of tuition charged and failed to report Plaintiff's Pell Grant funds on his 1098 form. (*Id.*). Plaintiff explains that the amount of funds listed on his financial aid account for the University do not coincide with his account from the National Student Loan Data System. (Complaint at 3, ECF No. 1). Second, Plaintiff alleges that the school declined transfer credits that were previously accepted by the school, failed to attribute completed classes towards his major and instead assigned the classes as electives, which would require him to re-take classes to complete his core requirements for his major. (Complaint at 8, ECF No. 1; Exhibit 2 at 12, ECF No. 1-2).

Plaintiff alleges that he contacted Defendant Eggleton and Defendant Frey regarding these concerns. (Complaint at 3, ECF No. 1). Plaintiff explains that after filing complaints with the University, the second issue appears to have resolved and he has since received credit for the classes he has completed. (*Id.*). The remaining issue appears to be the mismanagement of Plaintiff's financial aid account. Plaintiff asserts that Defendant Eggleton "gave me misinformation about my account and made no attempt to correct them, and by doing that Mr. Eggleton gave me misleading information that may have financial risk to me, and is part of committing fraudulent acts on my account." (*Id.* at 4). Plaintiff further asserts that when speaking with Defendant Frey, she stated that the information in his financial aid account was correct "because Cylde Eggleston reported that it was correct and that his [June 14] financial aid

package would be completed in the next couple days." (*Id.* at 5). However, at the time of the filing of the Complaint, July 15, 2014, Plaintiff alleges his financial aid package for the June 2014 semester still had not been completed and he has been unable to register for the last five classes needed to complete his degree. (*Id.* at 3, 8). Plaintiff alleges that he fears retaliation from the University based on his multiple complaints and explains that "multiple financial holds" were incorrectly put on his student account blocking him from registering for classes in a timely manner. (*Id.* at 6).

### III.  DISCUSSION

Plaintiff alleges that the Defendants have used unfair and deceptive practices in managing Plaintiff's financial aid and academic credits at American Public University System in violation of the Federal Trade Commission Act.

The Federal Trade Commission Act gives the Federal Trade Commission the power to prevent persons, partnerships or corporations from "using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(2). The Act authorizes the Commission to hold a proceeding to inquire into the alleged use of any unfair method of competition or unfair or deceptive act or practice. *Id.* § 45(b). If a violation is found, the Commission may require the person, partnership or corporation "to cease and desist from the violation of the law." *Id.* The person, partnership or corporation may then seek review of an order of the Commission in the court of appeals of the United States. *Id.* § 45(c). The court of appeals of the United States exercises exclusive jurisdiction upon the filing of the record with the court. *Id.* § 45(d). If the person, partnership or corporation violates an order of the Commission after it becomes final, the Attorney General may seek civil penalties for the violation in the district courts of the United States. *Id.* § 45(l). The district courts of the

United States are empowered to grant mandatory injunctions and equitable relief as deemed appropriate in the enforcement of the final orders of the Commission that are brought by the Attorney General. *Id.*

Here, Plaintiff alleges Defendants violated the Federal Trade Commission Act. However, in order to bring a case in the district court there must be a viable "cause of action." The case law is clear that "[t]here is no private cause of action implied under the Federal Trade Commission Act." *Lingo v. Albany Dep't of Cmty. & Econ. Dev.*, 195 Fed. Appx. 891, 894 (11th Cir.2006); *see also Roberts v. Cameron–Brown Co.*, 556 F.2d 356, 361 n. 6 (5th Cir.1977) (stating that "regulation is in the hands of the administrative agency, and not the private citizen."). The D.C. Circuit Court explained:

> The Act nowhere purports to confer upon private individuals, either consumers or business competitors, a right of action to enjoin the practices prohibited by the Act or to obtain damages following the commission of such acts. On careful examination of the Act and its legislative history, both when passed in 1914 and amended in 1938, we find strong indication that Congress did not contemplate or intend such a private right of action.

*Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 988-89 (D.C. Cir. 1973). The Fourth Circuit has also noted that "courts have declined to imply any private right of action [in the Federal Trade Commission Act] and have relied upon the regulatory scheme to police the industry." *A & E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669, 675 (4th Cir. 1986). Based on this case law, an individual consumer or member of the public is not able to bring a private civil case against a person, partnership or corporation alleging a violation of the Federal Trade Commission Act. When a private person seeks to allege a violation of the Federal Trade Commission Act, the person must raise their complaint with the Federal Trade Commission, not the district courts of the United States.

In the present case, Plaintiff provided a lengthy description regarding the alleged mismanagement of his financial aid account and academic credits. (Complaint at 3-10, ECF No. 1). Plaintiff also attached numerous exhibits regarding his communication with school officials, his financial aid documents and academic credit information. (Exhibits 1-6, ECF No. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6). However, bringing a Federal Trade Commission Act claim in the United States District Court is not the proper avenue for Plaintiff to seek relief for these alleged violations. As explained above, the Federal Trade Commission Act authorizes the Federal Trade Commission to investigate an alleged violation, to hold a proceeding regarding the alleged violation and then issue an order to cease and desist any unfair or deceptive practices that violate the Act. *See* 15 U.S.C. § 45(b). The Federal Trade Commission Act does not allow a consumer or member of the public to bring a private action in federal court to obtain an injunction or damages based on an alleged violation of the Act. Accordingly, it is respectfully recommended that this action be dismissed for failure to state a claim for which relief may be granted.

## IV. RECOMMENDATION

After a careful review of the Complaint and attached exhibits, the Court finds that Plaintiff failed to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(2) because a private cause of action is not implied under the Federal Trade Commission Act. The undersigned respectfully recommends Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [**ECF No. 2**] be **DENIED** and Plaintiff's Complaint [**ECF No. 1**] be **DISMISSED** for failure to state a claim upon which relief may be granted.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, Plaintiff may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A

copy of any objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Plaintiff, and to any counsel of record, if applicable.

**DATED**: September 22, 2014

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE