**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**KEVIN HAMILTON,**

        Plaintiff,

v.                                     **CIVIL ACTION NO.: 3:14-CV-80
(JUDGE GROH)**

**AMERICAN PUBLIC UNIVERSITY SYSTEM,
MELISSA FREY and CLYDE EGGLETON,**

        Defendants.

**<u>MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR LEAVE TO FILE
AN AMENDED COMPLAINT, REJECTING REPORT AND RECOMMENDATION, AND
DISMISSING COMPLAINT UPON PRELIMINARY REVIEW</u>**

The above-styled matter is before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble [ECF 5],[1] the *pro se* Plaintiff's Motion for Leave to File and Amended Complaint [ECF 7], and the Plaintiff's Motions for Leave to Proceed In Forma Pauperis ("IFP motion") [ECF 2, 7].

**I. Background**

On July 15, 2014, Plaintiff Kevin Hamilton initiated this case by filing a complaint against American Public University System, Melissa Frey, and Clyde Eggleton and an IFP motion. His complaint alleges the Defendants violated 15 U.S.C. § 45(a)(1) of the Federal Trade Commission Act.

On September 22, 2014, Magistrate Judge Trumble filed his R&R. He recommends that the Court deny the IFP motion and dismiss this case for failure to state a claim upon

---

[1] This action was referred to Magistrate Judge Trumble for submission of an R&R by standing order.

which relief can be granted because a private person cannot bring a claim under the Federal Trade Commission Act. On October 16, 2014, Hamilton filed a Motion for Leave to File an Amended Complaint that includes a proposed amended complaint and a renewed IFP motion. In this filing, Hamilton avers that he does not object to the R&R. Rather, he states that, if the Court allows him to amend his complaint, he "can provide the correct U.S. Code for Cause of Action in order to state a claim which relief can be granted."

## II. Motion to Amend Complaint

Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." A plaintiff may amend his complaint as of course even if he requests leave to amend. See St. John v. Moore, 135 F.3d 770, 1998 WL 71516, at *1 (4th Cir. Feb. 23, 1998) (per curiam) (finding a district court abused its discretion by denying a motion to amend a complaint made before the time to amend as of course expired). Because Hamilton moved to amend his complaint before a defendant filed an answer or Rule 12 motion, he may amend it without this Court's approval. Thus, the Court grants the Motion for Leave to File an Amended Complaint and rejects the R&R as the amended complaint renders it moot.

## III. Preliminary Review of Complaint

Given that the Plaintiff seeks to proceed in forma pauperis, the Court will now conduct a preliminary review of the amended complaint.

When filing a lawsuit in federal court, the plaintiff must pay certain filing fees. The

2

Court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs." L. R. Gen. P. 3.01; see also 28 U.S.C. § 1915(a)(1). The plaintiff files this affidavit along with his or her motion for leave to proceed *in forma pauperis*. The United States Supreme Court has stated that the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, a court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). A court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Id. § 1915(e)(2)(B). A case is often dismissed *sua sponte* before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. Further, a court liberally construes a complaint filed by a *pro se* plaintiff. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Under the federal *in forma pauperis* statute, a case may be dismissed if the court finds the complaint to be frivolous. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke, 490 U.S. at 325. A complaint filed *in forma pauperis* that fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. See id. at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless." Id. at 327; see also Denton v. Hernandez, 540 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of

3

success.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court may dismiss a complaint if it fails to state a claim on which relief may be granted.  Although a *pro se* plaintiff's pleadings are liberally construed, the complaint must contain factual allegations that are sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  This "plausibility standard requires [Plaintiff] to demonstrate more than a sheer possibility that a defendant has acted unlawfully."  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).  Indeed, a plaintiff must articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim entitling him or her to relief.  Id.

Here, viewing the complaint liberally, the complaint only contains factual allegations concerning the handling of Hamilton's student account at American Public University.  It does not identify any particular cause of action and does not readily reveal a legal theory.  Indeed, although Hamilton states in his motion to amend that he has identified the statute under which he seeks to proceed, his complaint does not reference any statute other than West Virginia's long-arm statute, which does not provide a cause of action.  See W. Va. Code. § 56-3-33.  The complaint does allege violations of various provisions of American Public University's code of ethics, but it is unclear how such violations could constitute a plausible claim.  Accordingly, in the absence of a plausible legal claim, the Court must dismiss the complaint for failure to state a claim upon which relief can be granted.  See Cochran v. Morris, 73 F.3d 1310, 1318 (4th Cir. 1996) ("A district judge is not required to piece together causes of action from fragmentary factual recitations."); Bullock v. Beasley & Allen, Civil Action No. 5:09-CV-329-F, 2009 WL 2827950, at *2 (E.D.N.C. Aug. 28, 2009)

(dismissing *pro se* complaint that did not present any legal theory on which plaintiff sought recovery for failure to state a claim upon which relief can be granted); see also <u>Weller v. Dep't of Soc. Servs. for City of Baltimore</u>, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.").

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** the Plaintiff's Motion for Leave to File an Amended Complaint. The Court **DIRECTS** the Clerk to file the Amended Complaint, which is attached to this motion as Document 7-2.

The Court **REJECTS** the Report and Recommendation.

The Court **DISMISSES WITHOUT PREJUDICE** the Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

The Court **DENIES AS MOOT** the Plaintiff's Motions for Leave to Proceed In Forma Pauperis.

The Court **FURTHER ORDERS** that this case be **STRICKEN** from the active docket of this Court. The Court **ORDERS** that judgment be entered in this matter.

The Clerk is directed to transmit copies of this Order to all counsel of record and *pro se* parties.

**DATED:** February 11, 2015

*/s/ Gina M. Groh*
GINA M. GROH
UNITED STATES DISTRICT JUDGE